UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

C.D. BARNES ASSOCIATES, INC.

       Plaintiff/Counter-Defendant,

v.	Case No. 1:04-CV-850

GRAND HAVEN HIDEAWAY LIMITED	HON. GORDON J. QUIST
PARTNERSHIP, et al.,

       Defendants/Cross-Defendants.

and

STOCK BUILDING SUPPLY, LLC, et al.,

       Defendants/Cross/Counter/Third-Party
       Plaintiffs,

and

JEDCO DELCON CORPORATION, et al.,

       Third-Party Defendants,

and

CHERRY VALLEY CONCRETE, INC.,

       Counter/Third-Party Plaintiff.

_____/

## MEMORANDUM ORDER

    Plaintiff, C.D. Barnes Associates, Inc. ("C.D. Barnes"), filed an action in the Ottawa County Circuit Court alleging various claims, including a claim for foreclosure of a construction lien on a multi-family housing project known as Grand Haven Hideaway (the "Project"). On November 2,

2004, C.D. Barnes filed a Second Amended Complaint naming Alphonso Jackson ("Jackson"), the Acting Secretary of Housing and Urban Development ("HUD"), as a defendant because HUD insured the mortgage note evidencing the construction loan for the Project. On December 16, 2004, Jackson removed the case to this Court pursuant to 28 U.S.C. § 1442(a) on the basis that Jackson's status as a defendant is premised upon his official actions and authority granted by federal law and regulations. Now before the Court is Defendant Bond Construction Company's ("Bond") motion to remand its counter-claim against C.D. Barnes to state court. For the reasons set forth below, the Court will deny the motion.

In support of its motion to remand, Bond notes that HUD sold the Project at a foreclosure sale on April 4, 2005, for $9.1 million and that HUD paid $10.8 for the assignment of the mortgage. Bond points out that because of the shortfall and because the mortgage had priority, none of the foreclosure proceeds will be distributed to the subcontractors and suppliers that filed construction liens on the Project. Bond contends that remand is appropriate because it has not asserted any claims against HUD that would provide a basis for federal question jurisdiction and it has not asserted any third-party claims against National Fire Insurance Company of Hartford on a payment bond, which Bond apparently claims would provide a basis for diversity jurisdiction.

The Court will deny the motion to remand because, contrary to Bond's assertion, the Court has jurisdiction over Bond's claim against C.D. Barnes pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367. See Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 209 (6th Cir. 2004) ("In any action in which the district court has original jurisdiction, it also has 'supplemental jurisdiction over all other claims that are so related to claims in the action within such jurisdiction that they form part of the same case or controversy.'") (quoting § 1367(a)). In Parker v. Della Rocco, 252

F.3d 663 (2d Cir. 2001) (per curiam), the plaintiff sued various defendants, including HUD, in state court based upon injuries that the plaintiff's child suffered as a result of lead paint used in the subsidized housing that the plaintiff rented. As in this case, the plaintiff's complaint was removed to federal court pursuant to 28 U.S.C. § 1442(a). After the plaintiff dismissed her claims against HUD, the district court dismissed the case based upon the plaintiff's failure to comply with the court's rules and orders. Subsequently, the plaintiff filed a Rule 60(b) motion, arguing that the district court's judgment against her was void because, after the claims against HUD were dismissed, the court lacked subject matter jurisdiction over the suit. The Second Circuit affirmed the district court's denial of the Rule 60(b) motion because the district court had supplemental jurisdiction over the remaining claims which were related to the dismissed claims against HUD that provided the basis for removal jurisdiction. See id. at 665-66.

In this case, the claims against HUD, which provided the basis for removal jurisdiction, have not been dismissed. More importantly, as in Parker, this Court has supplemental jurisdiction over all claims that are so related that they form part of the same case or controversy. Bond's claim against C.D. Barnes for payment relating to its work on the Project arises out of the same transaction that forms the basis for C.D. Barnes' claims against HUD. Moreover, as C.D. Barnes notes in its response to Bond's motion, the priority of the liens and the distribution of the foreclosure proceeds, which have now been deposited into the Court's registry account pending determination of the claims against those funds, are issues that have not yet been finally determined. Finally, because Bond would still remain as a named defendant in the primary action on the lien claims, remand would necessitate a piecemeal resolution of this dispute. Therefore,

3

**IT IS HEREBY ORDERED** that Defendant/Counter-Plaintiff Bond Construction Company's Motion To Remand Its Counter-Claim Against C.D. Barnes Associates, Inc. To The Ottawa County Circuit Court (docket no. 227) is **DENIED**.


Dated:  July 1, 2005                             /s/ Gordon J. Quist
                                                                                                      GORDON J. QUIST
                                                                                                UNITED STATES DISTRICT JUDGE