UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| C. D. BARNES ASSOCIATES, INC., a Michigan corporation, | |
| Plaintiff/Counter-Defendant, | CASE NO. 1:04-cv-00850 |
| v | HON. GORDON J. QUIST |
| GRAND HAVEN HIDEAWAY LIMITED PARTNERSHIP, a Delaware Limited Partnership, CENTENNIAL MORTGAGE, INC. a Missouri Corporation, ALPHONSO R. JACKSON, ACTING SECRETARY OF HOUSING AND URBAN DEVELOPMENT, a federal agency, ENGINEERED HEATING & COOLING, INC., a Michigan corporation; BOND CONSTRUCTION COMPANY, a Michigan corporation; and PYLMAN POWER, INC., an assumed name of Fryling Electric, Inc., a Michigan corporation; K AND L CONSTRUCTION, LLC, a Michigan limited liability company; WHIRLPOOL CORPORATION, a Delaware corporation; PRIES SUPPLY COMPANY, INC., a Michigan corporation; FREDERICKS COMPANY, INC., a Michigan corporation; ARMSTRONG WOOD PRODUCTS, INC., a Texas corporation, d/b/a ARMSTRONG CABINET PRODUCTS; STANDALE LUMBER & HOME CENTER INTERIORS, a Michigan corporation; SOILS AND STRUCTURES, INC., a Michigan corporation, JARED TOLDO, an individual, M. J. BENZER COMPANY, a Michigan corporation, and QTC COMPANY, a Michigan corporation, RICHARD F. GEORGE, an individual, CAREY J. BOOTE, an individual | **BRIEF IN SUPPORT OF C.D. BARNES'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>**AND**<br><br>**THIRD-PARTY PLAINTIFF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S MOTION TO INTERVENE AS A PARTY PLAINTIFF** |
| Defendants/Cross-Defendants. | |
| and | |
| STOCK BUILDING SUPPLY, LLC, a Delaware limited liability company, and PRECISE PLUMBING & EXCAVATING, INC., a Michigan corporation, and BRINKS MULTI-FAMILY DRYWALL, LLC, a Michigan limited liability company, | |

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

        Defendants/Cross/Counter/Third-Party Plaintiffs,

and

JEDCO DELCON CORPORATION, CNA SURETY CORPORATION, an Illinois corporation, and NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a Connecticut corporation,

        Third-Party Defendants

and

CHERRY VALLEY CONCRETE, INC.

        Counter/Third-Party Plaintiff.

---

T. J. Ackert  (P37123)
Aileen M. Leipprandt (P44651)
Steven K. Stawski (P61459)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff/Counter-Defendant and Third Party Defendants
200 Calder Plaza Building
250 Monroe, N.W.
Grand Rapids, MI 49503-2251
(616) 774-8000

William C. Reens (P28225)
PAWLOWSKI, FLAKNE & REENS, PLC
Attorneys for Bond Construction Company
300 Ottawa Ave. NW
P.O. Box 1767
Grand Rapids, MI  49501
(616) 458-7795

Scott Sewick (P54392)
PARMENTER O'TOOLE
Attorneys for Engineered Heating & Cooling, Inc. and Fredericks Company, Inc.
175 West Apple Ave.
P.O. Box 786
Muskegon, MI  49443-0786
(231) 722-1621

John D. LaDue (P44100)
John D. Falvey, *pro hac vice*
BOVERI, MURPHY, RICE, RYAN & LADUE
Attorneys for Centennial Mortgage, Inc.
210 S. Michigan
South Bend, IN 46601
(574) 232-0300

Scott Hogan  (P41921)
FOSTER SWIFT COLLINS & SMITH, PC
Attorneys for Pylman Power, Inc. & Cherry Valley Concrete
1700 East Beltline Ave. NE, Suite 200
Grand Rapids, MI  49525
(616) 726-2200

Michael C. Walton  (P26121)
Anthony A. Pearson (P56920)
RHOADES MCKEE
Attorneys for Grand Haven Hideaway Limited Partnership, QTC Company, and Carey J. Boote
600 Waters Building
161 Ottawa Ave. NW
Grand Rapids, MI  49503
(616) 235-3500

| | |
|---|---|
| Ronald P. Strote (P23333)<br>MAY, SIMPSON & STROTE<br>Attorneys for Stock Building Supply, LLC<br>100 West Long Lake Road, Suite 200<br>P.O. Box 1134<br>Bloomfield Hills, MI 48303-1134<br>(248) 646-9500 | Robert C. Timmons (P25110)<br>ROBERT C. TIMMONS, PC<br>Attorney for Pries Supply<br>418 College Ave NE<br>Grand Rapids, MI 49503<br>(616) 235-0180 |
| John R. Trentacosta (P313856)<br>Jason D. Menges (P 64228)<br>Erin L. Abrahams (P67691)<br>FOLEY & LARDNER<br>Attorneys for Whirlpool Corporation<br>150 W Jefferson Ave Ste 1000<br>Detroit, MI 48226<br>(313) 234-7100 | Brianna Scott (P62170)<br>DRAKE & SCOTT, PLLC<br>Attorneys for Brinks Multi-Family<br>Drywall, LLC<br>75 West Apple Ave.<br>Muskegon, MI 49440<br>(231) 727-5810 |
| George E. Pawlowski (P18728)<br>PAWLOWSKI, FLAKNE & REENS, PLC<br>Attorneys for Defendant Standale Lumber and Home Center Interiors<br>300 Ottawa NW, Ste. 650<br>Grand Rapids, MI 49503<br>(616) 458-7795 | Curtis Rypma (P44421)<br>SCHENK, BONCHER & RYPMA<br>Attorneys for Precise Plumbing & Excavating, Inc.<br>601 3 Mile Rd NW<br>Grand Rapids, MI 49544<br>(616) 647-8277 |
| Thomas H. Thornhill (P24144)<br>LAGUE, NEWMAN & IRISH, PC<br>Attorneys for Richard F. George<br>300 Terrace St<br>PO Box 389<br>Muskegon, MI 49443<br>(231) 725-8148 | Randall Allen White (P22261)<br>SCHOLTEN FANT, PC<br>Attorneys for Defendant Soils and Structures, Inc.<br>100 North Third St., P.O. Box 454<br>Grand Haven, MI 49417-0454<br>(616) 842-3030 |
| Margaret M. Chiara, United States Attorney<br>Jennifer L. McManus, Assistant United States Attorney<br>UNITED STATES ATTORNEY<br>Attorneys for Defendant, Alphonso R. Jackson<br>330 Ionia NW, Suite 501<br>P.O. Box 208<br>Grand Rapids, MI 49503<br>(616) 456-2404 | Richard Charles Gould (P31269)<br>ADVOCATE LAW OFFICE<br>Attorneys for Jared Toldo<br>1444 Michigan St NE<br>Grand Rapids, MI 49503<br>(616) 456-5353 |

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

| | |
|---|---|
| John T. Below (P48677)<br>Rudrick Edward Boucher (P57251)<br>KOTZ SANGSTER WYSOCKI & BERG, PC<br>Attorneys for Armstrong Wood Products<br>400 Renaissance Ctr Ste 2555<br>Detroit, MI 48243<br>(313) 259-8597 | David W. Charron (P39455)<br>Stacey A. George (P66955)<br>CHARRON & HANISCH, PLC<br>Attorneys for Defendant M. J. Benzer Company<br>4949 Plainfield NE<br>Grand Rapids, MI 49525<br>(616) 363-0300 |

**BRIEF IN SUPPORT OF C.D. BARNES'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT AND THIRD-PARTY PLAINTIFF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S MOTION TO INTERVENE AS A PARTY PLAINTIFF**

Plaintiff, C.D. Barnes Associates, Inc. ("C.D. Barnes") requests leave from the Court to file a Fourth Amended Complaint adding a claim for equitable subrogation, and clarifying that its damages requests include those damages resulting from impaired bonding capacity.

Third-Party Plaintiff, National Fire Insurance Company of Hartford ("National Fire") seeks to intervene in this action as a party plaintiff to file its complaint for equitable subrogation.

The requested amendments and intervention are consistent with the parties' first Joint Status Report and are timely filed pursuant to the Court's most recent Scheduling Order.

## I. Procedural Background

On July 14, 2005, plaintiff filed a Joint Status Report (Dkt. #255) in anticipation of the July 19, 2005 Rule 16 scheduling conference. As a result of the Rule 16 Scheduling Conference, the Court concluded that given the issues involved, the parties should first address and resolve the anticipated motion to dismiss by HUD, and stay further litigation involving the remaining parties except to address the possibility of settlement through a mediation process. Accordingly, the Court's Scheduling Order (Dkt. #260) set forth the briefing schedule on HUD's motion, stayed further motions of the parties, set the dates for facilitative mediation, and ordered another Rule 16 Scheduling Conference for November 16, 2005. The Scheduling Order did not address the contemplated amendments or joinder of any party as set forth in the Joint Status Report.

4

On November 14, 2005, based upon the recommendation of the facilitative mediator, and that the HUD motion was still pending, the Court entered an Order extending the deadline for ADR and rescheduling the second Rule 16 Scheduling Conference from November 16, 2005 to February 21, 2006 (Dkt. #313).  After hearing arguments on HUD's motion, this Court entered an Order regarding HUD's motion on December 23, 2005 (Dkt. #320).

The Court then conducted the second Rule 16 Scheduling Conference on February 21, 2006, during which the amendment of pleadings and joinder of parties was first addressed; the Court's new Scheduling Order of February 23, 2006 (Dkt. #328) directed that any motions to amend or join parties be filed no later than March 23, 2006.  Pursuant to the Court's February 23, 2006 Order, C.D. Barnes now seeks to add one count for Equitable Subrogation against defendants HUD, GHHLP, Centennial, M.J. Benzer Company, QTC Company, Richard George, and Carey J. Boote; C.D. Barnes also seeks to clarify its damages request to include those damages resulting from impaired bonding capacity.  Additionally, National Fire seeks to intervene in this action as a party plaintiff and file its Complaint for equitable subrogation as part of the Fourth Amended Complaint.

## II.     The Basis of the Claims

As part of the Hideaway Project, HUD required C.D. Barnes to procure a payment bond in the amount of the Construction Contract.  C.D. Barnes, as principal, procured a payment bond from National Fire, as surety, in the amount of $12,262,789.00, representing the amount of the Construction Contract executed by and between C.D. Barnes and GHHLP on or about October 22, 2002 (Bond No. 929251359). C.D. Barnes alleges that HUD, Centennial, and GHHLP inspected and approved all the work completed on the Project, and C.D. Barnes has complied with all terms of the Construction Contract.  HUD and/or Centennial determined that GHHLP had defaulted on the Mortgage Note before construction was

5

complete and the construction, through no fault of C.D. Barnes, came to a halt. Consequently, Centennial and HUD are withholding un-disbursed loan proceeds for work inspected and approved.

C.D. Barnes is owed $3,115,805.50 in un-disbursed mortgage funds for work completed, inspected, and approved by HUD, Centennial, and GHHLP. As a result of HUD, Centennial, and GHHLP's failure to pay C.D. Barnes the contract amount of $3,115,805.50, various subcontractors, as claimants under the Payment Bond, have filed claims for payment for alleged amounts due and owing to the subcontractor/claimants under their subcontracts with C.D. Barnes and/or Jedco Delcon Corporation.

To the extent C.D. Barnes and/or the surety, National Fire, pay claims under the Payment Bond to the unpaid subcontractors for work that has been completed, inspected and approved for payment, C.D. Barnes and/or National Fire Insurance Company of Hartford, C.D. Barnes and National Fire Insurance Company of Hartford have an equitable subrogation claim against HUD, Centennial and GHHLP and its partners for reimbursement of the amounts paid to the subcontractor claimants. The reimbursement for payment under the Payment Bond may be made from the undisbursed mortgage proceeds and retainage on the Project held by HUD and Centennial, and from GHHLP, and M. J. Benzer Company, QTC Company, Richard George, and Carey J. Boote, who were or acted as general partners of GHHLP

### III. Law and Argument

#### A. Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The court must liberally construe the rules pertaining to the amendment of pleadings, particularly where doing so presents no surprise to the opposing party; a liberal construction ensures that the merits of a case control the outcome. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McHenry v. Ford Motor Co.*, 269 F.2d 18 (6th Cir. 1959); *Semco, Inc. v. Amcast, Inc.*, 52 F.3d 108 (6th Cir. 1995); *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507 (6th Cir. 1999); *Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762 (E.D. Mich. 2002).

The courts look to five factors when determining whether to grant leave to amend pleadings: 1) undue delay; 2) bad faith; 3) repeated failure to cure deficiencies; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895 (6th Cir. 2002).

In the instant case, plaintiff seeks leave to file a fourth amended complaint pursuant to this Court's Order of February 23, 2006. Moreover, the Joint Status Report filed in this case on July 14, 2005 adequately put defendants on notice of its intent to file an amended complaint to add a claim for equitable subrogation and to clarify its damages request. Defendants have been aware of the fact that since the first Rule 16 Status conference the Court has sought to procedurally focus on resolving the dispositive motions of HUD before proceeding with additional claims and litigation. Given the express notice afforded to defendants regarding plaintiff's proposed amendments, no undue delay, bad faith, or undue prejudice exists.

Likewise, the contemplated amendments are not futile and do not represent a repeated failure to cure deficiencies. Instead, plaintiff's amendments are in direct response to its earlier request contained within the Joint Status Report. The contemplated amendments, moreover, ensure a just and complete resolution of this case on the merits.

The claim for equitable subrogation is supported by law. A party acting as a surety has a claim for equitable subrogation when the surety pays subcontractor claims in full satisfaction of the underlying debt based on a payment bond obligation. *See Pearlman v. Reliance Ins. Co.*, 371 U.S. 132 (1962); *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. City of Pine Bluff*, 354 F.3d 945 (8th Cir. 2004); *Teamsters Health and Welfare v. Net Constr.*, 334 F. Supp. 2d 751 (E.D. Penn. 2004).

The claim for equitable subrogation, as against HUD, is based upon theories of equity and are neither precluded by the Contract Disputes Act ("CDA"), nor barred by the principles of sovereign immunity (*See generally* the Court's analysis of the CDA and sovereign immunity in Opinion, dated

December 23, 2005, Dkt. No. 319, pp. 14-20). "[T]he right of subrogation is not founded on contract. It is a creature of equity; it is enforced solely for the ends of substantial justice, and is independent of any kind of contractual relations between the parties." *Pearlman*, 371 U.S. at 137. In explaining the doctrine, the *Teamsters Health* court summarized as follows:

> It is well established that a surety which pays the debt of another stands in the shoes of those whose claims it has paid. In this case, RLI stands in the shoes of those supplying labor and materials. Further, when a surety completes a contract, either by performance or payment, it "has an 'equitable right' to indemnification out of a retained fund." The right of a surety extends to funds held by a public agency when the surety has paid claims of labor and materialmen on a public works project. As the Supreme Court explained in *Memphis & L.R.R. Co. v. Dow,* 120 U.S. 287, 301-02, 7 S.Ct. 482, 30 L.Ed. 595 (1887), "[t]he right of subrogation is not founded on contract. It is a creature of equity; is enforced solely for the purpose of accomplishing the ends of substantial justice; and is independent of any contractual relations between the parties." Indeed, the equitable right of subrogation is not a security interest under the Uniform Commercial Code "because the right does not depend on a grant in the contract but is created by law to avoid injustice."

*Teamsters Health*, 334 F. Supp. 2d at 753 (internal citations omitted).

Further, the proposed amendment to the Complaint does not seek, as to HUD, payment of damages from any source of funds other than from the General Insurance Fund, mortgage proceeds and the proceeds from the sale of the Property held in the Court registry. As such, the amendment does not seek payment of damages against the Treasury but from funds in the control and possession of the Secretary of HUD. Accordingly, the amendment is not barred by lack of subject matter jurisdiction. *See generally Indus. Indem., Inc. v. Landrieu,* 615 F.2d 644, 646 (5th Cir. 1980) (*per curiam*); *Auction Co. of Am. v. FDIC*, 132 F.3d 746 (D.C. Cir. 1997).

The proposed amendment is consistent with the initial Joint Status Report, is supported by the law and is timely filed.

### B. Motion to Intervene

Federal Rule of Civil Procedure 24(a) governs intervention of right. Specifically, and upon timely application, anyone:

> shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Rule 24 should be "broadly construed in favor of potential intervenors." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

To intervene as of right, the courts require that a proposed intervenor establish the following four elements: "1) the motion to intervene is timely; 2) the proposed intervenor has a substantial legal interest in the subject matter of the case; 3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and 4) the parties already before the court may not adequately represent the proposed intervenor's interest." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)).

Regarding the fourth element for intervention as of right, a proposed intervenor "need only show that there is a potential for inadequate representation." *Stupak-Thrall*, *supra*, at 472 (citing *Grutter*, 188 F.3d at 400). Indeed, "where an applicant's 'interest is similar to, but not identical with, that of one of the parties . . . he ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee.'" *Usery v. Brandel*, 87 F.R.D. 670, 676-77 (W.D. Mich. 1980) (quoting 7A C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1909, at 524 (1972)).

9

Alternatively, Rule 24(b) also provides for permissive intervention. Specifically, and upon timely application: "anyone may be permitted to intervene in an action: … (2) when an applicant's claim or defense and the main action have a question of law or fact in common." *Id*. "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d at 445 (citing *Michigan State AFLCIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*.

In the instant case, National Fire's Motion to Intervene falls within the court-imposed deadline for motions to join, set forth in the Court's Scheduling Order of February 23, 2006. National Fire has a substantial interest in the lawsuit, as it faces claims from subcontractors for payment pursuant to the Payment Bond. Intervention permits National Fire to pursue equitable subrogation claims if it is determined that National Fire is liable for payment under the Payment Bond. National Fire is the party of interest and judicial economy dictates that these claims be considered in the primary action.

Alternatively, and pursuant to Rule 24(b)'s provisions regarding permissive intervention, National Fire's proposed claim of equitable subrogation arises from the same facts, transactions, or occurrences as the underlying lawsuits. Thus, National Fire's claim shares common facts and legal questions with the underlying action.

**IV.** **Relief Requested**

In consideration of the foregoing, C.D. Barnes and National Fire respectfully request that this Court: 1) grant C.D. Barnes's Motion for Leave to File its Fourth Amended Complaint; and 2) grant National Fire's Motion to Intervene as a Party Plaintiff.

Further, if the Court grants this Motion, plaintiff requests that the Court permit the parties to answer the Fourth Amended Complaint in lieu of answering the Third Amended Complaint (Dkt #330), filed March 7, 2006. Plaintiff does not intend to default or seek a default against any party who has not answered the Third Amended Complaint until resolution of this Motion.

DATED: March 22, 2006                     __/s/ T. J. Ackert_____
                                                                              T. J. Ackert (P37123)
Aileen M. Leipprandt (P44651)
Steven K. Stawski (P61459)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff/Counter-Defendant,
Third Party Defendants, Intervening Plaintiff
200 Calder Plaza Building
250 Monroe, N.W.
Grand Rapids, MI 49503-2251
(616) 774-8000
tackert@shrr.com
aleipprandt@shrr.com
sstawski@shrr.com