UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

C.D. BARNES ASSOCIATES, INC.

    Plaintiff/Counter-Defendant,

v.                                                             Case No. 1:04-CV-850

GRAND HAVEN HIDEAWAY LIMITED         HON. GORDON J. QUIST
PARTNERSHIP, et al.,

    Defendants/Cross-Defendants.

and

STOCK BUILDING SUPPLY, LLC, et al.,

    Defendants/Cross/Counter/Third-Party
    Plaintiffs,

and

JEDCO DELCON CORPORATION, et al.,

    Third-Party Defendants,

and

CHERRY VALLEY CONCRETE, INC.,

    Counter/Third-Party Plaintiff.
_____/

## MEMORANDUM ORDER

The Court has before it Plaintiff C.D. Barnes Associates, Inc.'s ("C.D. Barnes") amended motion for leave to file a fourth amended complaint and Third-Party Defendant National Fire Insurance Company of Hartford's ("National Fire") motion to intervene as a plaintiff, both of which

appear in the same document (docket no. 399). Defendant Secretary of the United States Department of Housing and Urban Development ("Secretary" or "HUD"), Alphonso R. Jackson, has filed a response in opposition to the motions.

C.D. Barnes' third amended complaint, which is the present operative pleading, alleges the following claims: (1) foreclosure of construction lien (against all parties) (Count I); (2) breach of contract (against Grand Haven Hideaway Limited Partnership ("GHHLP")) (Count II); (3) equitable lien/constructive trust (HUD, Centennial Mortgage, Inc., and GHHLP) (Count III); (4) third-party beneficiary (HUD and Centennial) (Count IV); (5) unjust enrichment (HUD, Centennial, and GHHLP) (Count V); (6) quantum meruit (HUD, Centennial, and GHHLP) (Count VI); (7) promissory estoppel/equitable estoppel (HUD, Centennial, and GHHLP) (Count VII); (8) negligent and/or innocent misrepresentation (HUD, Centennial, and GHHLP) (Count VIII); (9) liability of limited partners (Richard F. George and Carey J. Boote) (Count IX); (10) breach of fiduciary duty by general partners (M.J. Benzer Company, QTC Company, Richard George, Carey J. Boote) (Count X); (11) fraud and misrepresentation (GHHLP, M.J. Benzer Company, QTC Company, Richard George, and Carey J. Boote) (Count XI); (12) account stated (GHHLP) (Count XII); (13) quantum valebant (HUD, Centennial, and GHHLP) (Count XIII); and (14) action against HUD for undisbursed mortgage insurance proceeds (Count XIV (erroneously designated Count VIII)). Pursuant to the Court's December 23, 2005, Opinion and Order, the Court granted summary judgment in favor of HUD on Count I and in favor of HUD only on Count VIII.

In the instant motion, C.D. Barnes seeks to: (1) add one count for equitable subrogation against HUD, GHHLP, Centennial, M.J. Benzer Company, QTC Company, Richard George, and Carey Boote; (2) amend its request for damages to include lost business opportunities and lost

revenue resulting from impaired bonding capacity; and (3) add defendant Richard F. George in the capacity of Trustee of the Richard R. George Living Trust. In its motion, National Fire seeks to intervene as a party plaintiff to file its complaint for equitable subrogation.

Under Rule 15(a) of the Federal Rules of Civil Procedure, once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) also provides that "leave shall be freely given when justice so requires." *Id.* The mandate that "leave shall be freely given" embodies "the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). However, a court is not obliged to grant an amendment simply because a motion is made. *See Johnson v. Ventra Group, Inc.*, No. 96-1463, 1997 WL 468332, (6th Cir. Aug. 13, 1997) (per curiam). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

The Secretary contends that the Court should deny, in part, the instant motion for several reasons. First, with regard to the proposed consequential damages claim, it argues that such a claim could not withstand a motion to dismiss because: (1) C.D. Barnes' theory of liability against HUD is based upon notions of equity, which typically gives rise to a restitution remedy and not full contract damages; (2) any consequential damages remedy allowed under Michigan law should not apply in this case because to allow such damages wold be detrimental to the purposes of the National Housing Act; and (3) even if consequential damages were permissible, the damages that C.D. Barnes seeks –

3

damages incurred in connection with other contracts and projects – are too remote and speculative to permit recovery. With regard to the proposed equitable subrogation claim, the Secretary contends that there is no basis for C.D. Barnes to assert such a claim because C.D. Barnes cannot stand in any other party's shoes. That is, the Secretary argues, to the extent that HUD is deemed liable to C.D. Barnes, C.D. Barnes can pay any subcontractor and supplier claims out of the recovery against HUD, and to the extent that HUD is found not liable on those claims, there would be no basis for C.D. Barnes or National Fire to recover on an equitable subrogation theory. The Secretary asserts the same arguments against National Fire and adds that, because National Fire has not paid any claims on the payment bond, any equitable subrogation claim by National Fire is premature at this time.

With regard to the proposed damage claim, while it is true that the bulk of C.D. Barnes' claims against HUD are equitable in nature and, therefore, supportive only of restitution as a remedy, *see S.S. Silberblatt, Inc. v. E. Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 41 (2d Cir. 1979) ("Our decision does not imply that if Silberblatt should succeed in establishing a claim for unjust enrichment it would be entitled to its damages for breach of contract. Ordinarily an award of restitution based on unjust enrichment, unlike contract damages, is not designed to put the aggrieved party in the position where he would have been if the contract had been performed but to restore him to the status quo ante, regardless of the contract price or rate."), the Court notes, and the Government concedes, that C.D. Barnes' third party beneficiary claim would provide a basis for an award of damages.[1] However, even if the Court were to conclude that the applicable law permits an award of

---

[1] The Secretary has not yet filed a formal motion requesting that the Court determine the legal issue of whether C.D. Barnes is entitled to assert claims for equitable relief against HUD under the facts of this case. *See Van-Tex, Inc. v. Pierce*, 703 F.2d 891, 897 (5th Cir. 1983) (holding that there was no basis for a claim of unjust enrichment where the contractor could seek payment from sources other than the mortgage proceeds for payment of contractually-provided services and materials).

consequential damages, the Court agrees with HUD that damages based upon "lost business opportunities" and "impaired bonding capacity resulting in lost revenue from the inability to bid on or obtain a contract on certain construction projects" are too remote and speculative as a matter of law. As the Federal Circuit has observed, "'remote and consequential damages are not recoverable in a common-law suit for breach of contract . . . . especially in suits against the United States for common law damages.'" *Wells Fargo Bank, N.A. v. United States*, 88 F.3d 1012, 1021 (Fed. Cir. 1996) (quoting *N. Helex Co. v. United States*, 524 F.2d 707, 720 (Ct. Cl. 1975)). *See also Roberts v. United States*, 18 Cl. Ct. 351, 357 (1989) (stating that damages that are "too remote and speculative" constitute unrecoverable consequential damages). C.D. Barnes' asserted damages for lost business opportunities and lost revenue from impaired bonding capacity are too remote and speculative to permit recovery, especially under these circumstances where HUD, as the insurer of the mortgage, was one step removed from the lender, Centennial, and C.D. Barnes did not have a direct contractual relationship with Centennial. Accordingly, because the proposed consequential damages claim would fail as a matter of law, at least as to HUD, the Court will deny the motion insofar as C.D. Barnes asserts such damages against HUD.

With regard to the proposed equitable subrogation claim, the Secretary has explained why such a claim is unnecessary against HUD: either C.D. Barnes will recover against HUD, in which case HUD funds can be used to satisfy C.D. Barnes' liability to its subcontractors and suppliers, or C.D. Barnes' claims against HUD will fail, in which case there will be no basis for an equitable subrogation claim. C.D. Barnes has not responded to this argument to explain why such a claim would be necessary, nor does the Court see any need for such a claim. Moreover, the Court does not see any need for such a claim against the other defendants, GHHLP, Centennial, M.J. Benzer

5

Company, QTC Company, Richard George, and Carey Boote. The same analysis applies to National Fire's purported claim for equitable subrogation.

The remaining issue is the amendment to add Defendant Richard G. George in the capacity of Trustee of the Richard F. George Living Trust. Because this proposed amendment is unopposed by Mr. George, the Court will grant the motion to allow this amendment.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff C.D. Barnes Associates, Inc.'s Amended Motion For Leave To File Fourth Amended Complaint (docket no. 399) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with respect to the request to amend to add Defendant Richard G. George in the capacity of Trustee of the Richard F. George Living Trust. The motion is **denied** with regard to the proposed consequential damage claims against HUD (but not the remaining defendants) and with regard to the proposed equitable subrogation claim against all Defendants.

**IT IS FURTHER ORDERED** that Third-Party Defendant National Fire Insurance Company of Hartford's Amended Motion To Intervene As A Party Plaintiff (docket no. 399) is **DENIED**.

**IT IS FURTHER ORDERED** that HUD shall file its Fourth Amended Complaint in accordance with this Order.

Dated: June 19, 2006                            /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE